1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> REID GRANUCCI, an individual doing business as "WAVE ELECTRIC CO."; <br><br> Defendant. | CASE NO.: CV11-8661-JAK (CWx) <br><br> ASSIGNED TO THE HONORABLE JOHN A. KRONSTADT <br><br> **JUDGMENT** |

Plaintiffs' motion for default judgment came on regularly for hearing on June 4, 2012, in the above-referenced Court, the Honorable John A. Kronstadt, United States District Judge, presiding. Appearances were stated on the record. After full consideration of the evidence and the authorities submitted by counsel, as well as counsel's oral argument, if any:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

A. Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund, Trustees of the Southern California IBEW-NECA

-1-
JUDGMENT

1  Labor-Management Cooperation Committee, Trustees of the National IBEW-NECA
2  Labor-Management Cooperation Committee , the Los Angeles Electrical Workers
3  Credit Union, and the Contract Compliance Fund shall recover from Defendant Reid
4  Granucci, an individual doing business as "Wave Electric Co.," the principal amount of
5  $15,925.71, together with attorneys' fees of $11,784.50, and costs of $844.38, plus
6  post-judgment interest as provided by law from the date of entry of judgment herein
7  until the date the judgment is paid in full.

8      B. Defendant Reid Granucci, an individual doing business as "Wave Electric
9  Co.," shall provide to the Plaintiffs, within fourteen (14) days of the date of service of
10 this Judgment, the following documents maintained in the course of business for
11 Defendant Reid Granucci, an individual doing business as "Wave Electric Co." :

12        1. All employee time cards, time sheets, payroll records and compensation
13           records maintained in the course of business of Defendant, for the time
14           period from December 1, 2010, through the date of production.
15        2. All copies of Employer's Quarterly Federal Tax Returns (Form 941)
16           maintained in the course of business of Defendant, for the time period
17           from December 1, 2010, through the date of production.
18        3. All copies of all Federal Form W-2 Statements to Employees
19           maintained in the course of business of Defendant, for the time period
20           from December 1, 2010, through the date of production.
21        4. All copies of all Federal Form W-3 Reconciliation of Income Tax
22           Withheld and Transmittal of W-2 Forms maintained in the course of
23           business of Defendant, for the time period from December 1, 2010,
24           through the date of production.
25        5. All copies of all Federal Form 1099 Miscellaneous Income Statements
26           and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms
27           maintained in the course of business of Defendant, for the time period
28

from December 1, 2010, through the date of production.

6. All copies of all Employer's Quarterly State of California Tax Returns (DE-3) maintained in the course of business of Defendant, for the time period from December 1, 2010, through the date of production.

7. All cash disbursement journals and check registers maintained in the course of business of Defendant, relating to the time period from December 1, 2010, through the date of production.

8. All daily job logs, diaries or foreman reports maintained in the course of business of Defendant, relating to the time period from December 1, 2010, through the date of production.

9. All invoices for materials, labor or services provided to Defendant, relating to the time period from December 1, 2010, through the date of production.

10. All canceled checks drawn on any account of Defendant, and all monthly bank statements of Defendant, relating to the time period from December 1, 2010, through the date of production.

11. All written agreements between Defendant, and any labor union.

12. All correspondence between Defendant, and any Trustee, representative, agent or employee of any of the Plaintiff Trust unds relating to the time period from December 1, 2010, through the date of production.

13. All correspondence between Defendant, and any representative, agent or employee of the International Brotherhood of Electrical Workers, Local No. 11, or of any local union of the International Brotherhood of Electrical Workers, relating to the time period from December 1, 2010, through the date of production.

14. All notes or memoranda of communications between Defendant and

any Trustee, representative, agent or employee of the Plaintiff Trust Funds relating to the time period from December 1, 2010, through the date of production.

15. All notes or memoranda of communications between Defendant and any representative, agent or employee of the International Brotherhood of Electrical Workers, Local No. 11, or of any local union of the International Brotherhood of Electrical Workers, relating to the time period from December 1, 2010, through the date of production.

16. All monthly fringe benefit reports and records of payments made to any trust fund other than the Plaintiff Trust Funds reporting hours and fringe benefits on employees of Defendant, during the period of December 1, 2010, through the date of production.

17. All employee hour summaries prepared by or on behalf of any employees working for Defendant, during the period of December 1, 2010, and the date of production.

18. All daily job tickets, billings and invoices of Defendant, relating to the time period from December 1, 2010, through the date of production.

19. All documents submitted by Defendant, to any general contractor or public contracting agency, including but not limited to all certified payrolls for public projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of Defendant, who performed work during the time period from December 1, 2010, through the date of production.

20. All bids, proposals, offers and estimates prepared by or on behalf of Defendant, during the period of December 1, 2010, through the date of production.

21. All subcontracts entered into between Defendant, and any third party

during the time period from December 1, 2010, through the date of production.

22. All job or project lists or charts prepared or used by Defendant, for the time period from December 1, 2010, through the date of production.

23. All listings of accounts receivable as of the date of production.

24. All job cost records for the time period from December 1, 2010, through the date of production.

25. All worker's compensation insurance forms for the time period from December 1, 2010, through the date of production.

Dated: June 7, 2012

*/s/ John A. Kronstadt*
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

Dated: March 30, 2012      **LAQUER URBAN CLIFFORD & HODGE LLP**

By: */s/ Matthew T. Bechtel*
    Matthew T. Bechtel
Attorney for Plaintiffs, Trustees of the Southern
California IBEW-NECA Pension Plan, et al.